No. 233
O'NEIL CO. v. HORWITZ & SOLOMON
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4790. Decided Jan. 25, 1924

951. PRINCIPAL AND AGENT—Question of authority of agent of lessors of theater to purchase piano and charge lessor is for jury.

SAYRE, J.                    Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action by the M. O'Neil Co. to recover damages for breach of contract of sale. Krumeich, the owner of the Rialto Theater in Akron, leased it to the defendants, Horwitz & Solomon of Cleveland. The lease provided that Krumeich was to fully equip the theater. Horwitz & Solomon hired Bailey, who acted as their manager, to equip and run the theater. Bailey ordered a $1,000 piano for the theater of plaintiff and had it charged to Krumeich. Krumeich refused to pay the bill because he claimed he never ordered it or authorized anyone clse to order it. The agreement for the sale of the piano was made in Bailey's office. After the piano had been in the theater more than a year plaintiff took possession of it and after repairing it at an expense of $100 and selling it for $500, brought suit against Horwitz & Solomon for $600 damages. At the close of plaintiff's evidence the court rendered a judgment for defendants. In reversing the judgment of the lower court, the Court of Appeals held:

1. As the defendants placed Bailey in charge of the theater as their manager, and as the piano was a necessary article for the theater, the question of whether Bailey had authority to purchase the piano was a question for the jury.

Attorneys—Sheck, Labmer, Stevens & Hadley, Akron, and Wilkin, Gross & Daoust, for M. O'Neil Company; John J. Babka, for Horwitz & Solomon.

---

No. 234
SACHS v. FRIEDMAN
Ohio Appeals, 8th Dist., Cuyahoga County

1229. VENDOR AND PURCHASER—Vendor to retain down payment on purchase price of real estate must allege damage.

PER CURIAM.                Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action for breach of contract. Sachs and Friedman entered into a written agreement for the sale and purchase of certain improved real estate located in Parkgate avenue, Cleveland, for $20,500. A down payment of $500 was made by Sachs and accepted by Friedman. The written contract contained a clause whereby Friedman agreed to convey said real estate free and clear from all incumbrances. The certificate of title showed a building restriction limiting the use of said real estate to two-family resident purposes only. Sachs rtfused to accept the deed upon the ground that the property was not free from an incumbrance. Sachs then brought an action to recover back his $500 and also to recover damages for the breach on the part of the vendor. Defendant did not file a cross-petition for damage. Judgment was awarded in favor of the defendant. In reversing the judgment of the lower court, the Court of Appeals held:

1. Before the vendor, Friedman, can retain any part of the down payment of $500 he must sue for damages either in an original action, or by way of cross-petition after having been sued by Sachs. As the vendor did not do that in this case, the judgment was erroneous, as it practically amounted to a verdict of $500 in favor of Friedman when he neither asked for damages by way of cross-petition nor offered any proof showing that he had sustained any damage.

Attorneys—Thorman & Goldman, for Sachs; Hal'e & Haber, for Friedman, all of Cleveland.